```
BENJAMIN B. WAGNER
United States Attorney
DANIEL S. McCONKIE
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2725
(916) 554-2900 FAX
```

**FILED**

Aug 19, 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AUTHORIZATION TO OBTAIN LOCATION DATA CONCERNING A CELLULAR TELEPHONE ASSIGNED TELEPHONE NUMBER: 530-237-7280 | NO. 3:11-sw-0007 CMK<br><br>WARRANT AND ORDER UNDER 18 U.S.C. § 2703(C)(1)(A)<br><br>**UNDER SEAL** |

   The United States has applied for a Warrant and Order pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), authorizing agents of the United States Drug Enforcement Administration (DEA) or Shasta County Sheriff's Department to ascertain the physical location of the following cellular telephone: 530-237-7280, with service provided by Sprint/Nextel ("**TARGET TELEPHONE**"), including but not limited to E-911 Phase II data (or other precise location information) for **TARGET TELEPHONE** (the "Requested Information"), for a period of thirty (30)

days. The Court finds that there is probable cause to believe that the Requested Information will constitute or lead to evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 846, among other offenses, as well as to the identification of individuals who are engaged in the commission of these offenses. The Court also finds that there is reasonable cause to believe that providing immediate notification of the execution of the warrant and order may seriously jeopardize an ongoing investigation. Furthermore, the execution of this warrant and order will not result in the seizure of any tangible property or any wire or electronic communication (as defined in 18 U.S.C. § 2510). To the extent that the warrant and order authorizes the seizure of any stored wire or electronic information, that seizure is expressly authorized by 18 U.S.C. § 2703(c)(1)(A).

IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) that agents of DEA and Shasta County Sheriff's Office, beginning at any time within ten (10) days of the date of this Order and for a period not to exceed 30 days, may obtain the Requested Information for **TARGET TELEPHONE**, with said authority to extend to any time of the day or night as required, including when **TARGET TELEPHONE** leaves the Eastern District of California; all of said authority being expressly limited to ascertaining the physical location of **TARGET TELEPHONE**, and expressly excluding the contents of any communications conducted by the user(s) of **TARGET TELEPHONE**.

It is further ORDERED that Sprint/Nextel, the service provider for **TARGET TELEPHONE**, assist agents of the DEA by providing all information, facilities, and technical assistance needed to ascertain

1 the Requested Information, including initiating a signal to determine
2 the location of the subject's mobile device on Sprint/Nextel's
3 network (or any networks it services or with which it has service
4 contracts) or with such other reference points as may be reasonably
5 available and at such intervals and times as directed by the law
6 enforcement agent serving the order, and furnish the technical
7 assistance necessary to accomplish the acquisition unobtrusively and
8 with a minimum of interference with such services as Sprint/Nextel
9 accords the user(s) of **TARGET TELEPHONE**.

10   It is further ORDERED that the DEA or the Shasta County
11 Sheriff's Department compensate Sprint/Nextel for reasonable expenses
12 incurred in complying with any such request.

13   It is further ORDERED that the Court's Order and the
14 accompanying Affidavit submitted in support thereof, as they reveal
15 an ongoing investigation, be sealed until further Order of the Court
16 in order to avoid premature disclosure of the investigation, guard
17 against flight, and better ensure the safety of agents and others,
18 except as necessary to effectuate the Court's Order.

19   It is further ORDERED that this warrant and order be returned to
20 the issuing judicial officer within 10 days after the termination of
21 the monitoring period authorized by the warrant and order.

22   It is further ORDERED that, pursuant to 18 U.S.C. § 3103a(b) and
23 Federal Rule of Criminal Procedure 41(f)(3), service of notice may be
24 delayed for a period of 30 days after the termination of the
25 monitoring period authorized by the warrant and order or any
26 extension thereof.
27   It is further ORDERED that Sprint/Nextel, its affiliates,
28 officers, employees, and agents not disclose the Court's Order or the

1  underlying investigation, until notice is given as provided above.

2  DATED: Aug 19, 2011

3  HONORABLE CRAIG M. KELLISON
   UNITED STATES MAGISTRATE JUDGE

8